The decision of the court below was reversed; on February 13, 1868, in the following opinion by,
Thompson, C. J.
The complaint in writing, in this case, signed and sworn to by the landlord, in order to institute the proceedings against his tenant, is before us; and differs very materially from the recital of its contents by the magistrate in his judgment or inquest of facts. It sets forth a lease for a year, at a rent reserved of $150 ; that the term was fully ended, and that being desirous to repossess himself of the premises, “for this purpose he did give him (the tenant) notice and demand and required the said Albert Speigle to remove, &c.,” and “that he bath hitherto refused, and still doth refuse, to comply therewith; the three months having elapsed since the service of the said notice he makes complaint and desires process,” &c. It will be observed that there is no averment *355 of three months’ notice previously to the end of the term having been given. In the Alderman’s record he recites the complaint as herein, that the complainant “did give him (the tenant) three months’ previous notice before the end of the term,” and “that three months having elapsed before the end of said term, since the service of such notice, he makes complaint and desires proceedings to be taken, &c.
The record recites the process, service, return, appearance, continuances and final hearing, and then there follows: “I, the said alderman, do find that the said complaint is in all respects just and correct,” &e. Now the complaint as it exists among the proceedings sent up by the alderman, did not sufficiently aver the service of notice, viz: in not avering previous notice to the expiration of the term. The reference thus made to the complaint in the finding of the alderman, we think, made it a parcel of this finding, and being returned by him we ought to look into it for the purpose of seeing what it was that he had found to be “in all respects just and correct.” Looking at it we find three months notice averred, but whether altogether previously to the end of the term, or only partially so, does not appear. It might, therefore, be all “just and correct” as stated in the complaint, and not sufficient in law to entitle the plaintiff to institute proceedings under the act of 1863. The proceedings are special and the authority to proceed must appear on the record. It did not so appear, by the test to which it appealed, and which for this purpose became parcel of it; we are therefore, of opinion, that this exception in the court below was well taken, and in overruling it the court committed an error.
This is the only specification of error to this record; and for the reasons given the judgment below is reversed.